OPINION of the Court, by
Ch. J. P.oi’lj:
— Thffi was an action of detinue for a negro. 'lire defendant pleaded non dgt’met. On the trial, after the evidence on both sides was gone through, the defendant tendered a demurrer to the evidence, stating as well that which had been given upon his part, as that which had been produced by the plaintiff. The plaintiff objected to joining in the demurrer, but the court below overruled the objection and compelled him to join, and gate judgment upon the demurrer for the defendant ; Loin which the plaintiff has appealed.
The first question is, whether after material evidence had been given by the defendant, the plaintiff ought to have been compelled to join in the demurrer;
We are not aware of any case in the English bocks, in which this question has occurred, and we think it probable that none such exists. In the numere.us cases however we have examined upon this point, v*e have found none, either ancient or modern, m which there has been a demurrer after evidence had hem given by the party who tendered the demurrer. V.’e have particularly examined the case of Reniger vs. Fagossa, in Plow. Com. to which we were referred by the counsel in the argument, as living one of that description ; but we have not found it to correspond in this respect with what was stated by the counsel.
In' that case the evidence was wholly given on the part of Fagossa, who held the affirmative of the issue, and the demurrer was tendered on the part of Reinger. *461 Notwithstanding therefore' this point has never been decided by the English courts, the conclusion deducible from whole of the cases, is evidently opposed to the doctrine of compelling a party to join in a demurrer, after material evidence , had been produced on the part .of him-who tenders the demurrer. The correctness of this conclusion cannot admit of a doubt, if we attend to the form of the demurrer, and't'he judgment which the court is to give upon it. The demurrant, according to the established form, alleges that the matter shewn in evidence by his adversary, is not sufficient in law jo maintain the issue on his part, and that he, the demur-rant to the matters aforesaid, in form aforesaid shewn in evidence, hath not any necessity, nor is he obliged by the law of the land to answer, and concludes with a «verification and prayer for judgment, for want of sufficient matter in that behalf shewn in evidence. The ■ party whose evidence is demurred to, in the joinder ■ alleges that he hath shewn in evidence to the jury, siif-jficient matter to maintain the issue joined on his part, find for as much as the demurrant doth not’ deny nor in any manner answer the said matters, prays judgment, Thus is the issue joined between the parties, upon the question whether the matters shewn by the party whose evidence is demurred to, is sufficient in point of law to maintain the issue on his part. To this question the judgment of the court responds, either in the affirmative, that the matter shewn in evidence by him is sufficient, or in the negative that: it is not sufficient.
When such are the forms of proceeding in cases of this kind, is it wonderful that the question has never occurred in the courts in England, whether á party, af-terhaving given evidence in his behalf, should have 3 right to compel the opposite party to join in a demurr rer, stating the evidence on both sides ? Or is it not rather matter of astonishment, that such a question Should have been made in any country whéré the same forms of pleading are used ?
•' 'It would be preposterous in the extreme, for the de? ^murrimt to allege, after he had ánswered the matters shewn in evidence on the part of his adversary, that he was hot bound to answer them ; and it Would be equally absurd for the party whose evidence was demurred to, to demand judgment because the detniirrañLhád not *462 denied nor in any manner answered the matters shewn, in evidence by him, where in truth the demurrant had denied or answered them by evidence on his part. But were such manifest absurdities and contradictions admissible in the pleadings of the parties, it would surely be sporting too much with the dignity and character of the judge, to require him, in utter disregard of truth, gravely and solemnly to pronounce that the matters shewn in evidence by one party were not sufficient to maintain the issue on his part, when in fact the opinion of the judge is not founded upon the insufficiency of such evidence, but upon the strength or sufficiency of the opposing evidence offered by the adverse party.
The forms of judicial proceedings cannot thus be treated as mere idle ceremonies. They were not framed by accident, but by design, nor can they he moulded according to the caprice of the pleader or the clerk in each case. They are in truth founded upon, and adapted to the principles of the law, and are the best evidence of those principles. Coke represents the law as speaking in good pleadings, which, as he observes, are as it were, ipsius legis viva vox, (Co. Lit. 115 b,) and most assuredly if the forms of proceedings are in any case evidence of the law applicable to the case, they ara in a case of this kind conclusive to shew that the de-murrant, after he has given material evidence on his part, has no right to compel the opposite party to join in a demurrer, in which the evidence on both sides is stated.
There are other considerations from which arguments may be deduced, tending strongly to support this position.
By demurring the party admits the truth of the evidence offered by his adversary, and the existence of every fact which might be infered by the jury from that evidence ; but the truth of the evidence produced on the part of the demurrant, as well as the existence of the facts which that evidence conduces to prove, must remain open to be contested by the opposite party. The court therefore, before they can deduce any legal in-v ference from the evidence offered by the demurrant must decide upon the truth of the evidence, as well as the existence of the facts inferable from it. To do this would be usurping the province of the jury, who are *463 alone the legal and constitutional judges of the tact contested by the parties. A doctrine leading thus to a direct violation of a fundamental principle of our jurisprudence cannot be admitted to 6e correct. But fur-iher, a demurrer is in its nature an appeal to the law Upon the facts asserted by the opposite party, and the demurrant is said to rest or abide upon the law, demoratur in legi — Co. Lit. 71, b, 3 Black. Com. 314.
It would therefore be contrary to the nature and of-lice of a demurrer, and to the obvious sense of the term, to proceed, to answer in point of fact the matters shewn by the opposite party, before the demurrer is tendered* This would not be resting or abiding uporC the law, but going on the facts. Such a course of pro-feeding is wholly inadmissible in a demurrer to plead-inga, and by analogy ought not to be permitted in a demurrer to evidence.
Before we finally dismiss this subject, we ought perhaps to notice the case of Hayle vs. Young, 1 Wash. 150. In that case the court of appeals of Virginia, decided “ that a demurrer to evidence might be allowed at any time before the jury retired, al^iough the party demurring jnay have examined witnesses on his part, the whole evidence on both sides being stated, which in all cases ought to be done.” Of this case it may be observed that the court seem to have decided it without having a view of the whole ground. They have not noticed any of those arguments which appear to us conclusive against the doctrine they lay down, nor have they given any satisfactory reason in suport of it. They profess indeed to decide the case upon principle, but after an examination of their opinion, notwithstanding the most unfeigned respect which we entertain for the judge who delivered it, we have been unable to discover any thing like principle, upon which the opinion is founded. It is, too, not unworthy of remark, that the counsel, who were of the first talents, abandoned the doctrine maintained by the court as being untenable. Under these circumstances, that case wé think cannot be considered as affording much evidence of the law !Ipon this subject.
Upon the whole, we are of opinion that the court below erred in compelling the plaintiff to join in the demurrer tendered by the defendant. It becomes untie- *464 cessarv, therefore, to notice the points of law arising upon the demurrer-
The judgment must be reversed; and cause remanded; that a venire facias de novo may be awarded, and n|W. proceedings be .had; &c.